Rory C. Quintana (SBN 258747)
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Francisco, CA 94102
Telephone: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

*Attorney for Plaintiff Christopher Gallardo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CHRISTOPHER GALLARDO**, an individual

Plaintiff,

v.

**ERICSSON, INC.** a Delaware corporation; and **DOES 1 through 10**, inclusive,

Defendants.

CASE NO.:

**COMPLAINT FOR DAMAGES FOR FAILURE TO PAY OVERTIME (FLSA 29 U.S.C. § 201; CAL. LABOR CODE §§ 510, 1194, 1198); FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (CAL. LABOR CODE §§ 226); FAILURE TO PAY ALL WAGES UPON RESIGNATION (CAL. LABOR CODE § 203)**

DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER GALLARDO (herein “Plaintiff” or “GALLARDO”, for claims for relief against Defendant ERICSSON, INC. (herein “Defendant” or “ERICSSON”), alleges:

## INTRODUCTION

1. This is an action for relief from Defendant’s violations of the California Labor Code and the Fair Labor Standards Act.

2. Defendant misclassified Plaintiff as an exempt employee.

3. Plaintiff worked more than eight (8) hours in a work day and forty (40) hours in a workweek for Defendant.

4. Defendant is a global service and equipment provider in the communication technology industry.

5. Plaintiff was misclassified as a salaried employee, employed by Defendant as an Area Field Service Manager II.

6. Plaintiff was paid $3,600 per bi-weekly pay period or $93,600 per year.

7. Because Defendant misclassified Plaintiff as an exempt employee, Defendant failed to pay Plaintiff overtime during the applicable time period. Accordingly, Plaintiff seeks to recover unpaid wages and other damages owed (1) under the Fair Labor Standards Act ("FLSA") and (2) under the California Labor Code and any applicable Wage Orders.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8. Plaintiff asserts at least one claim arising under the law of the United States and therefore this Court has jurisdiction over this action and the parties pursuant to 28 U.S.C. § 1331.

9. Additionally, the amount in controversy in this action exceeds $75,000 and the parties involved are from different states, therefore, this Court has jurisdiction over this action and the parties pursuant to 28 U.S.C §1332.

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because a substantial part of events giving rise to Plaintiff's claims occurred in this District.

11. Pursuant to Northern District Local Rule 3-2 (d) this action should be assigned in San Jose, California, as actions giving rise to Plaintiff's claims took place in Santa Clara County, California.

## PARTIES AND PERSONAL JURISDICTION

12. Plaintiff is an individual who resides in California and is a resident of the City and County of San Francisco in this judicial district. Defendant has employed Plaintiff within the meaning of the California Labor Code throughout the relevant period. At all relevant times, Plaintiff was classified as an exempt employee and paid on a salary basis.

13. Plaintiff is informed and believes and based thereon alleges that Defendant is a Delaware corporation, with its principle headquarters at 6300 Legacy Drive, Plano, Texas. Additionally, Plaintiff is informed and believes and based thereon alleges, that Defendant is registered to do business in California as Ericsson, Inc., Corporation Number C1819595.

14. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

15. Defendant has and continues to have continuous and systematic contacts with the state of California sufficient to establish general jurisdiction over Defendant.

16. Defendant advertises, employs workers, and contracts with businesses in California. Defendant provides communication technology services performed by California residents hired to perform the work.

17. The causes of action listed in this Complaint arose from or relates to the contacts of Defendant with a California resident, thereby conferring specific jurisdiction over Defendant.

18. The causes of action listed in this Complaint arose from or relates to work done in California for which Defendant owes earned wages.

19. In particular, Defendant employed a California citizen and failed to pay him for hours worked in excess of forty (40) hours in accordance with the FLSA and California Labor Code. These claims are based on the exact contact that Defendant has had with the forum state.

20. Furthermore, Defendant engaged in activities constituting business in the state of California in that Defendant contracted with California residents, performance of the agreements with its customers in whole or in part thereof was to occur in California and Defendant recruits or has recruited California residents for employment inside this state.

21. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10, and therefore sue those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of those fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

///

22. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were, at all times relevant to this action, the agents, employees, representing partners, supervisors, managing agents, joint venturers, joint employers of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants. Defendants are sued both in their own right and on the basis of *respondeat superior*.

**<u>FLSA AND CALIFORNIA LABOR CODE COVERAGE</u>**

23. At all material times and for all purposes relevant to the claims made herein, Plaintiff has been, and continues to be an “employee”, within the meaning of the applicable Industrial Welfare Commission Wage Order and 29 U.S.C. § 203(d),

24. At all material times and for all purposes relevant to the claims made herein, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d) and the applicable Industrial Welfare Commission Wage Order.

25. At all material times and for all purposes relevant to the claims made herein, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of section 3(s)(1) of the FLSA. 29 U.S.C. § 203(s)(1).

26. Defendant has an annual gross business volume of not less than $500,000.

27. Defendant controlled the hours to be worked by Plaintiff.

28. Defendant directed the work of Plaintiff.

29. Defendant maintained communication with Plaintiff and received updates as to the status of his work.

**<u>FACTS COMMON TO ALL CAUSES OF ACTION</u>**

30. Plaintiff began working as an Area Field Service Manager II on or about February 12, 2016

31. Throughout his employment, Plaintiff was paid a salary of $3,600 per bi-weekly pay period or $93,600 per year.

32. Pursuant to Defendant's offer letter to Plaintiff, Plaintiff was classified as an exempt employee per the Fair Labor Standards Act.

33. As an Area Field Service Manager, Plaintiff was lead to believe that his primary duty would be to supervise 15-40 operations technicians within his operational area. However, from March 2016 through the end of his employment in or around December 2016, Plaintiff's primary duty was to perform the same manual labor as the operations technicians he was hired to supervise, including without limitation: concrete cutting, levelling, pulling micro-duct, pulling mule tape, jackhammering, digging holes, backfilling aggregate and dirt.

34. Plaintiff is informed and believes, and based thereon alleges that the operations technicians Plaintiff was purportedly hired to supervise, made similar income to Plaintiff for performing the same non-exempt work performed by Plaintiff.

35. Defendant tracked the hours worked by Plaintiff.

36. Plaintiff's time records reflect that from March 2016 through November 2016, he routinely worked more than 12 hours per day.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*)**

37. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

38. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

39. Plaintiff was entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times his regular rate of pay.

40. At all relevant times, Defendant required Plaintiff to work in excess of forty (40) hours per workweek. Despite the hours worked by them, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek. By failing

to compensate Plaintiff at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forth (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and §215(a).

41. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 210 *et seq*., including 29 U.S.C. § 211(c) and § 215 (a.)

42. Plaintiff seeks recovery of his damages, unpaid wages and unpaid overtime pay.

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

44. Plaintiff seeks recovery of his attorneys fees and costs to be paid by Defendant, as provided for by 29 U.S.C. § 216(b).

45. Plaintiff seeks recovery of liquidated damages.

46. As a result of Defendant's willful and unlawful failure to pay Plaintiff all of his earned overtime wages, Plaintiff is entitled to recover his unpaid overtime wages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Failure to Pay Overtime**
**(California Labor Code §§ 510 and 1194)**

47. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

48. At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked. Since at least three years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at

one-and-a-half times their regular rates of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked in excess of twelve (12) hours per day. Defendant was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

49. Defendant routinely required Plaintiff to work in excess of eight (8) hours per day or forty (40) hours per workweek and work on the seventh day of a workweek. Despite the provisions of California's overtime law, Defendant has willfully failed and refused to properly pay Plaintiff overtime wages for many of the overtime hours he worked since three years prior to this lawsuit being filed.

50. Plaintiff has been deprived of his rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

51. Defendant's conduct violates California Labor Code §§ 510 and 1194. Therefore, pursuant to California Labor Code § 1194, Plaintiff is entitled to recover, and seeks to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

## THIRD CAUSE OF ACTION
**Failure to Maintain and Provide Accurate Wage Statements**
**(California Labor Code § 226)**

52. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

53. Throughout Plaintiff's employment, Defendant knowingly and intentionally failed to maintain accurate wage records of all information required by Labor Code section 226(a).

54. Throughout Plaintiff's employment, Defendant knowingly and intentionally failed to provide Plaintiff accurate wage records of all information required by Labor Code section 226(a).

55. As a proximate result of the aforementioned violations, pursuant to Labor Code section 226(e), Plaintiff is entitled to recover, and hereby seeks, the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) each, and are entitled to an award of costs and reasonable attorneys' fees, in an amount to be demonstrated at trial.

56. Wherefore, Plaintiff prays for relief as requested below.

## FOURTH CAUSE OF ACTION
**Failure to Pay All Wages Upon Resignation**
**(California Labor Code § 2802)**

57. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

58. Labor Code section 202 requires employers to pay all wages earned and unpaid within 72 hours of an employee's resignation.

59. Defendant failed to pay all unpaid overtime wages upon his resignation, effective November 23, 2016 or thereafter.

60. Defendant willfully failed to pay Plaintiff his wages within the time prescribed by law and therefore Plaintiff is entitled to waiting time penalties pursuant to Labor Code section 203, equal to a days wage for each day he was required to wait for his wages, up to thirty days.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1. Awarding unpaid overtime wages, damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;
2. Awarding costs and expenses, including reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216, California Labor Code § 1194 or as otherwise permitted by law;

3. Order Defendant to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

6. Grant such other and further relief as this court may deem proper and just.

**JURY DEMAND**

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: March 6, 2017

Respectfully submitted,

QUINTANA HANAFI LLP

By:______________________________
Rory C. Quintana
*Attorney for Plaintiff Christopher Gallardo*